IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BERNARD JOHNSON,

                Plaintiff,

v.                               Civil Action No.
                                        9:03-CV-1050 (FJS/DEP)

J.T. SMITH, Superintendent,

                Defendant.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

BERNARD JOHNSON, *Pro Se*

FOR DEFENDANT:

HON. ELIOT SPITZER               DAVID FRUCHTER, ESQ.
Attorney General of the State      Assistant Attorney General
of New York
The Capitol
Albany, New York  12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

    Plaintiff Bernard Johnson, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983 against the Superintendent of the prison

facility in which he was housed at the relevant times, alleging deprivation of his civil rights. In his complaint, which is well framed, plaintiff alleges that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution, when allowed onto the facility's basketball court despite defects in its floor, resulting in his suffering physical injury requiring extensive medical treatment. As relief, plaintiff seeks damages in a relatively modest amount of not less than $9500.

    Currently pending before the court is a motion by the defendant for summary judgment dismissing plaintiff's complaint. Defendant's motion squarely presents the question of whether a prison superintendent's decisions to allow inmates to continue utilizing a gymnasium known to be potentially hazardous transcends mere negligence and rises to a level of constitutional significance and, if so, also deprives him of the benefit of qualified immunity. For the reasons set forth below I find that when interpreted in a light most favorable to the plaintiff, the record could support a finding of an Eighth Amendment violation, given the fact of the defect and defendant's awareness of it prior to plaintiff's accident. I further find that the court is not presently positioned to hold, as a matter of

law, that under the circumstances presented the prison superintendent is entitled to qualified immunity. I therefore recommend denial of defendant's summary judgment motion.

I.  BACKGROUND

The facts of the case are simply stated and, refreshingly, not particularly controversial. At the relevant times plaintiff was a New York State prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS"), and confined within the Shawangunk Correctional Facility ("Shawangunk"), located in Wallkill, New York. Complaint (Dkt. No. 1) ¶ 2. Defendant John T. Smith is the superintendent of that facility, having held that position since October of 2002. Smith Aff. (Dkt. No. 29) ¶ 1.

On January 29, 2003, while playing basketball in the Shawangunk gymnasium, and in the course of securing a rebound, Johnson landed on a large bubble in the gymnasium floor, causing his foot to roll under him. Complaint (Dkt. No. 1) ¶ 12. While plaintiff initially attempted to deal with his injury by taking ibuprofen and elevating his foot, his foot began to swell and the pain worsened, requiring him to seek medical attention. *Id.* Plaintiff was seen at the prison medical facility later on the day of his

3

accident, and was given crutches as well as ibuprofen for his pain, and his foot was wrapped. *Id.*

X-rays of plaintiff's foot taken on the following day revealed no fractures or breaks. Plaintiff continued to experience pain in his right foot, however, and sought regular medical attention for that condition until his transfer out of Shawangunk on March 10, 2003. *Id.*; *see also* Plaintiff's Exhibits (Dkt. No. 31) Exh. E.

Prior to the time of plaintiff's accident prison officials at Shawangunk, including Superintendent Smith, had been made aware of the problems associated with the gymnasium floor. Smith Aff. (Dkt. No. 29) ¶ 4; Ewanciw Aff. (Dkt. No. 29) ¶¶ 5-6. That surface, which was apparently constructed shortly prior to the opening of the facility in or about 1985, was originally comprised of cement with a vinyl overlay. Ewanciw Aff. (Dkt. No. 29) ¶ 5. Unfortunately, over time the vinyl overlay developed bubbles. *Id.* Several attempts to repair the gymnasium floor proved unsuccessful, leading to the conclusion in or about 1995 that it should be replaced in its entirety. *Id.* ¶ 6.

A request was made to the DOCS Office of Facilities Planning in or about 1995 for funding to underwrite the expense associated with

replacing the Shawangunk gymnasium floor. *Id.* ¶ 6. Notification that the funding had been approved was received at the facility in February of 2003, shortly after plaintiff's accident. *Id.* ¶ 7. The replacement of the gymnasium floor began in November of 2004, and was scheduled to have been completed in April of this year. Smith Aff. (Dkt. No. 29) ¶ 7.

Upon assuming his role as the Shawangunk Superintendent in October of 2002, defendant Smith was advised of the existence of defects in certain portions of the gymnasium floor where bubbles had formed under the vinyl overlay, and of the pending request to the DOCS central office for the funds necessary to replace the floor. Smith Aff. (Dkt. No. 29) ¶ 4. Evidence submitted by the plaintiff, in the form of inmate grievances, reflects that prior to the time of his injury, other inmates had sustained injuries as a result of the defects in the gymnasium floor. Plaintiff's Exhibits (Dkt. No. 31) A & C. Despite those injuries and the floor's deteriorating condition, however, prior to the time of plaintiff's accident use of the gymnasium floor was not limited.[1] Smith Aff. (Dkt. No. 29) ¶ 8.

II.   PROCEDURAL HISTORY

Plaintiff commenced this action on August 22, 2003. Dkt. No 1. As

---

[1] Following plaintiff's accident, some limitations were placed by prison officials on use of the gymnasium. Smith Aff. (Dkt. No. 29) ¶ 8.

the sole defendant, plaintiff's complaint names Shawangunk Superintendent J.T. Smith, asserting a single cause of action against him for violation of Johnson's Eighth Amendment rights.[2]  Issue was joined on December 5, 2003 by the filing of an answer on behalf of defendant Smith.  Dkt. No. 8.

Following the completion of discovery, defendant moved on March 18, 2005 for summary judgment dismissing Johnson's complaint.  Dkt. No. 29.  In his motion defendant argues that plaintiff's claim, while perhaps reflecting potential negligence, does not rise to a level sufficient to support an Eighth Amendment violation.  *Id.*  Defendant also seeks a finding that he is shielded from liability on the basis of qualified, good faith immunity.  *Id.*  Plaintiff has since submitted papers in opposition to defendant's motion, arguing the existence of genuine issues of material fact which must be resolved prior to determination of his claim on the merits.  Dkt.

---

[2]  As defendant notes, any claim for damages against Superintendent Smith in his official capacity would be barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3105 (1985).  To the extent that plaintiff's complaint, generously construed, could be considered to assert a tort claim for negligence against the defendant in his individual capacity, such a cause of action is precluded under N.Y. Correction Law § 24.  *Ierardi v. Sisco*, 119 F.3d 183, 186-87 (2d Cir. 1997) (citations omitted); *Baker v. Coughlin*, 77 F.3d 12, 14-16 (2d Cir. 1996).  I have therefore construed plaintiff's complaint as solely asserting an Eighth Amendment cause of action against defendant Smith.

No. 31.

Defendant's motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72(c). *See also* Fed. R. Civ. P. 72(b).

III.  DISCUSSION

    A.  Summary Judgment Standard

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under that provision, summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004). A fact is "material", for purposes of this inquiry, if "it might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *see also*

*Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than merely "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n. 4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553;

*Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict.").

    B.    Merits of Plaintiff's Claim

In his motion defendant asserts that even when interpreted in a light most favorable to the plaintiff, the facts reflected in the record do not suffice to satisfy both the objective and subjective requirements associated with a cruel and unusual punishment claim under the Eighth Amendment. Voicing his disagreement, plaintiff argues that the record demonstrates the existence of genuine issues of material fact in that regard.

9

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are "incompatible with the evolving standards of decency that mark the progress of a maturing society."[3] *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S.Ct. 285, 290 (1976) (citations and internal quotations omitted); *see also Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986) (citing, *inter alia*, *Estelle*). While the Eighth Amendment "'does not mandate comfortable prisons'", neither does it not tolerate inhumane ones; thus the conditions of an inmate's confinement are subject to Eighth Amendment scrutiny. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400 (1981)).

A claim alleging that prison conditions violate the Eighth Amendment must satisfy both an objective and a subjective requirement – the conditions must be "sufficiently serious" from an objective point of view, and the plaintiff must demonstrate that prison officials acted subjectively with "deliberate indifference". *See Leach v. Dufrain,* 103 F. Supp.2d 542,

---

[3] That amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.

10

546 (N.D.N.Y. 2000) (Kahn, J) (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991)); *Waldo v. Goord*, No. 97-CV-1385, 1998 WL 713809, at *2 (N.D.N.Y. Oct. 1, 1998) (Kahn J. and Homer, M.J.); *see also, generally*, *Wilson*, 501 U.S. 294, 111 S. Ct. 2321.  Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979; *Leach*, 103 F. Supp.2d at 546 (citing *Farmer*); *Waldo*, 1998 WL 713809, at *2 (same).

Conditions of confinement only constitute an Eighth Amendment violation if they involve the deprivation of a single identifiable human need or denial of the minimum civilized measure of life's necessities, and the defendants' state of mind was one of "deliberate indifference" to that deprivation.  *Farmer*, 511 U.S. at 83, 114 S. Ct. at 1977; *Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399.  In considering the types of conditions that can present a substantial risk of harm, the court considers not only seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates

contemporary standards of decency, in that society does not choose to tolerate this risk in its prisons. *Helling v. McKinney*, 509 U.S. 25, 36, 113 S. Ct. 2475, 2482 (1993); *see Gomez v. Warden of the Otisville Corr. Fac.*, No. 99 Civ. 9954, 2000 WL 1480478, at *5 (S.D.N.Y. Sept. 29, 2000) (allegations of slippery, waxed floor causing injury to the plaintiff "arguably posed a substantial risk of harm sufficient to satisfy the objective component.") (citations omitted); *Baumann v. Walsh*, 36 F. Supp.2d 508, 513-14 (N.D.N.Y. 1999) (Scullin J.) (allegations that plaintiff was required to climb along shelves and stand on boxes to retrieve materials from a storage room, if true, could demonstrate the existence of an inherently unsafe and dangerous condition)*.*

Based upon the record now before the court, analyzing the objective component against the backdrop of the relevant test under *Farmer,* I am unable to say no reasonable factfinder could conclude that exposure of inmates to a deteriorating gymnasium floor and accompanying bubbling of the vinyl overlay did not present a substantial risk of serious harm to inmates.

Turning to the subjective element, without question facts which, if proven, support only a finding of negligence do not alone suffice to

establish the subjective element of an Eighth Amendment claim in a case such as this. *Howard v. Headly*, 72 F.Supp.2d 118, 124 (E.D.N.Y. 1999). Allegations which involve more than mere lack of due care for a prisoner's safety, however, may support a claim of cruel and unusual punishment under the Eighth and Fourteenth Amendments. *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987). Defendant's candid acknowledgment of the defective condition, coupled with evidence submitted by Johnson from which the superintendent's awareness of injuries suffered by other inmates prior to the date of plaintiff's accident can be inferred, distinguish this case from others finding no basis to conclude that the subjective element could be met. *See, e.g.*, *Gomez,* 2000 WL 1480478, at *5-*6; *see Harding v. Kuhlmann*, 588 F. Supp. 1315, 1317 n.8 (S.D.N.Y. 1984) (finding no reason to believe that the defendant in that case, the superintendent of the facility at issue, had knowledge of or reason to be aware of bubbling on the basketball court floor). The circumstances of this case, when interpreted in a light most favorable to the plaintiff, are sufficient to establish the subjective element of plaintiff's claim, at least for purposes of the pending motion.

In sum, finding that a reasonable factfinder could conclude the

13


objective and subjective elements of an Eighth Amendment conditions of confinement claim are met in this case, I recommend denial of defendant's summary judgment.

    C.    <u>Qualified Immunity</u>

Defendant argues that even if triable issues of material fact preclude the entry of summary judgment dismissing plaintiff's claims on the merits, he is entitled to qualified immunity.

Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). Accordingly, governmental officials sued for damages "are entitled to qualified immunity if 1) their actions did not violate clearly established law, or 2) it was objectively reasonable for them to believe that their actions did not violate such law." *Warren v. Keane*, 196 F.3d 330, 332 (2d Cir. 1999) (citing *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996)). The law of qualified immunity seeks to strike a balance between overexposure by government officials to suits for violations based upon abstract rights and an unduly narrow view which

would insulate them from liability in connection with virtually all discretionary decisions. *Locurto v. Safir*, 264 F.3d 154, 162-63 (2d Cir. 2001); *Warren*, 196 F.3d at 332. As the Second Circuit has observed,

> [q]ualified immunity serves important interests in our political system, chief among them to ensure that damages suits do not unduly inhibit officials in the discharge of their duties by saddling individual officers with personal monetary liability and harassing litigation.

*Provost v. City of Newburgh*, 262 F.3d 146, 160 (2d Cir. 2001) (internal quotations omitted) (citing, *inter alia*, *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 456 F.2d 1339, 1348 (2d Cir. 1972)).

The qualified immunity analysis entails a three step inquiry. *Harhay v. Town of Ellington Bd. of Ed.,* 323 F.3d 206, 211 (2d Cir. 2003). As a threshold matter it must first be determined whether, based upon the facts alleged, plaintiff has facially established a constitutional violation. *Id.* If the answer to this inquiry is in the affirmative, the court must then turn its focus to whether the right in issue was clearly established at the time of the alleged violation. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 2156 (2001)); *see also Poe v. Leonard*, 282 F.3d 123, 132-33 (2d Cir. 2002). Finally, if at the relevant times the plaintiff had a

15

clearly established, constitutionally protected right which was violated, he or she must demonstrate that it was not objectively reasonable for the defendant to believe that his or her action did not violate such law. *Harhay*, 323 F.3d at 211; *Poe*, 282 F.3d at 133 (quoting *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (quoting, in turn, *Salim*, 93 F.3d at 89)).

The finding of the existence of a stated claim for violation of the Eighth Amendment suffices to surpass the first hurdle under *Saucier,* and directs the court's focus to the second element. In this instance, based upon defendant's awareness of the defective gymnasium floor condition and, in all likelihood, of prior injuries to inmates resulting from that condition, I am unable to recommend a finding, as a matter of law, that it was "objectively reasonable" to allow this potentially hazardous circumstance to exist. Accordingly, I recommend denial of the portion of defendant's motion which seeks to invoke qualified immunity in defense of plaintiff's claims, without prejudice to plaintiff's right to renew the argument at trial. *Scott v. Abate,* No. CV-93-4589, 1995 WL 591306, at *7 (E.D.N.Y. Sept. 27, 1995).

IV. <u>SUMMARY AND RECOMMENDATION</u>

16

The record in this action, considered in a light most favorable to the plaintiff, a prison inmate, reveals that he fell and injured himself as a result of a defective gymnasium floor. The superintendent of the prison facility in which the accident occurred acknowledges his prior awareness of the defective condition, and was at least potentially aware of injuries suffered prior to the time of plaintiff's accident by other inmates as a result of the floor condition. Under these circumstances, I am unable to conclude that no reasonable factfinder could find liability under the Eighth Amendment, and am similarly unable to conclude at this juncture that it was objectively reasonable for the defendant to believe that in allowing the condition to languish, he was not violating plaintiff's constitutional right to be free from cruel and unusual punishment. Based upon the foregoing, it is therefore

RECOMMENDED that defendant's motion for summary judgment dismissing plaintiff's complaint (Dkt. No. 29) be DENIED in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:   December 7, 2005
        Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\civil rights\Eighth Amendment\conditions of confinement\johnsonbernard.wpd