UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BERNARD JOHNSON

    **Plaintiff,**

  v.                9:03-CV-1050
                      (FJS/DEP)

SUPERINTENDENT J.T. SMITH,

    **Defendant.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **BERNARD JOHNSON**<br>99-A-6283<br>Sullivan Correctional Facility<br>P.O. Box 116<br>Fallsburg, New York 12733-0116<br>Plaintiff, *pro se* | |
| **OFFICE OF THE NEW YORK STATE<br>ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant | DAVID L. FRUCHTER, AAG |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

  On January 29, 2003, Plaintiff was playing basketball in the Shawangunk Correctional Facility's gymnasium.[1]  While rebounding a ball, Plaintiff landed on a large bubble in the gymnasium floor causing his foot to roll beneath him.  Although Plaintiff attempted to "deal" with

---

[1] At all relevant times, Plaintiff was an inmate confined at the Shawangunk Correctional Facility located in Wallkill, New York, and Defendant Smith was the superintendent of that facility.

his injury by taking ibuprofen and elevating his foot, he sought medical attention when his foot began to swell and the pain worsened. The facility's medical center treated Plaintiff later that day; they wrapped his foot, gave him crutches and provided him with ibuprofen for the pain. X-rays taken the next day revealed no fractures or breaks; however, Plaintiff continued to experience pain in his right foot and sought regular medical attention for it until he was transferred out of Shawangunk on March 10, 2003.

Prior to Plaintiff's accident, prison officials, including Defendant, had been made aware of the problems with the gymnasium floor. In fact, over the years, several attempts to fix the floor were unsuccessful; and, in 1995, the conclusion was reached that replacement of the entire floor was necessary.[2] In 1995, the facility submitted a request to the Office of Facilities Planning for funding to underwrite the expense of replacing the gymnasium floor. However, funding was not approved until after Plaintiff's accident in 2003. Defendant assumed the role of superintendent in October 2002; and, at that time, he was informed of the defects in the gymnasium floor and of the pending request for funding to replace the floor. Plaintiff's evidence shows that inmates who had been injured due to the deteriorating condition of the floor had filed grievances prior to his accident. However, the officials did not limit the use of the gymnasium floor until after Plaintiff's accident.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Smith was deliberately indifferent to his health and safety by failing to provide him with safe living conditions. Specifically, Plaintiff alleges that he suffered physical injury when he was allowed onto the facility's basketball court despite known defects in the floor. Currently before the Court are

---

[2] The orignal floor was constructed in 1985 and was made of cement and vinyl overlay. The vinyl overlay over time developed bubbles.

Defendant's objections to Magistrate Judge Peebles' December 7, 2005 Report and Recommendation in which he recommended that the Court deny Defendant's motion for summary judgment on Plaintiff's Eighth Amendment claim and that the Court deny Defendant's motion for summary judgment based upon the ground of qualified immunity without prejudice to Defendant's right to renew that defense at trial.

## II.  DISCUSSION

### A.    Defendant's Objections

Defendant asserts that Magistrate Judge Peebles erred in each of his determinations with respect to Defendant's motion.  First, Defendant asserts that Magistrate Judge Peebles erred in concluding that Plaintiff satisfied the objective requirement of an Eighth Amendment confinement claim because Plaintiff "has not demonstrated that the condition of the gym floor resulted in 'unquestioned and serious deprivations of basic human needs.'"  *See* Defendant's Objections at  ¶ 1 (quotation omitted).  Second, Defendant asserts that Magistrate Judge Peebles erred in concluding that Plaintiff had satisfied the subjective requirement of an Eighth Amendment confinement claim because Plaintiff cannot demonstrate a culpable state of mind on the part of Defendant.  *See id.* at ¶ 2.  Third, Defendant asserts that Magistrate Judge Peebles erred in concluding that Defendant was not entitled to summary judgment based upon a qualified immunity defense because Defendant did not violate any clearly established rights of Plaintiff and it was objectively reasonable for him to wait for a determination from the Office of Facilities Planning before taking further action to repair the gym floor.  *See id.* at ¶ 3.  Finally, Defendant asserts that Magistrate Judge Peebles "erred in ***not*** concluding that, even accepting plaintiff's allegations as true for purposes of this motion, that

3

plaintiff has done nothing more than assert a claim for negligence." *See id.* at ¶ 4 (emphasis added).

B.      **Standard of Review**

"The Court must make a '*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.'" *Doe v. Goord*, No. 04CV00570, 2006 WL 1041130, *1 (S.D.N.Y. Apr. 18, 2006) (quoting 28 U.S.C. § 636(b)(1)(C)) (other citation omitted). In conducting its *de novo* review, the court may "'arrive at its own, independent conclusions' regarding those portions [of the Report and Recommendation] to which objections were made." *Id.* (quotation omitted).

"Summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law." *Smith v. Oritz*, No. 01 Civ. 5848, 2006 WL 1458404, *2 (S.D.N.Y. May 25, 2006) (citing Fed. R. Civ. P. 56(c)) (other citations omitted). Summary judgment shall be granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* at *3 (quoting Fed. R. Civ. P. 56(c)). Furthermore, the court must draw all factual inferences and resolve all ambiguities in favor of the non-moving party. *See id.* (citations omitted). The rule is best stated as follows: "'[v]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier [of fact] could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate.'" *Id.* (quoting *Binder v. LILCO*, 933 F.2d 187, 191 (2d Cir. 1991)). Moreover, when a plaintiff proceeds *pro se*, the court must construe his pleadings liberally; however, "'bald assertion[s],' unsupported by

4

evidence, [are] not sufficient to overcome a motion for summary judgment." *Id.* (quotation omitted).

### C.    Eighth Amendment Conditions of Confinement Claim

The conditions of an inmate's confinement are subject to scrutiny under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Prison officials must provide humane conditions of confinement and "must ensure that inmates receive adequate food, clothing, shelter and medical care, and must '*take reasonable measures to guarantee the safety of the inmates.*'" *Id.* (quotation and other citations omitted) (emphasis added); *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993) (listing "'food, clothing, shelter, medical care, and reasonable safety'" as basic human needs (quotation omitted)). "In order to establish a violation of his Eighth Amendment rights, an inmate must show (1) a deprivation that is 'objectively, sufficiently serious' that he was denied 'the minimal civilized measure of life's necessities;'" *Gaston v. Coughlin*, 249 F.2d 156, 164 (2d Cir. 2001) (quoting [*Farmer*,] at 834, 114 S. Ct. 1970), if the allegations are based upon a failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, and "(2) a 'sufficiently culpable state of mind' on the part of the defendant official, such as deliberate indifference to inmate health or safety[,]" *Gaston*, 249 F.2d at 164 (quoting [*Farmer*,] at 834, 114 S. Ct. 1970).

In assessing whether a deprivation is "objectively, 'sufficiently serious,'" a court must assess not only the seriousness and likelihood of potential harm but also

> whether society considers the risk that the prisoner complains of to be

5

> so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36; *see also Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) ("[T]o establish the objective element of an Eight [sic] Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency" (citations omitted)); *Gomez v. Warden of Otisville Corr. Facility*, No. 99 Civ. 9954, 2000 WL 1480478, *5 (S.D.N.Y. Sept. 29, 2000) (citations omitted) (finding that allegations of slippery waxed floor, "arguably posed a substantial risk of harm sufficient to satisfy the objective component" (citations omitted)); *Baumann v. Walsh*, 36 F. Supp. 2d 508, 513-14 (N.D.N.Y. 1999) (holding that a substantial risk of serious harm existed when the plaintiff inmate was required "to climb along shelves and stand on boxes to retrieve material from the top shelves of the storage room" and stating that "[s]uch conditions, if proven to be true, are inherently unsafe and dangerous").

In determining whether the prison official acted with deliberate indifference, the inquiry is whether "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Furthermore, although "[m]ere negligence . . . does not suffice to establish a violation of the Eighth Amendment," *Goris v. Breslin*, slip copy, No. 04-CV-5666, 2006 WL 1313823, *1 (E.D.N.Y. May 12, 2006) (citing *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996)), "allegations . . . [that] 'involve more than ordinary lack of due care for the prisoner's interests or safety . . . state a colorable claim under the Eighth . . . Amendment . . .,'" *Gill v. Mooney*, 824 F.2d

6

192, 195 (2d Cir. 1987) (internal quotation and citations omitted).

### *1. Objective Requirement*

Plaintiff's allegations are based upon a failure to protect, and thus he needs to show that the conditions under which he was incarcerated posed a substantial risk of serious harm. Reasonable safety has been found to be a basic human need, and Plaintiff presents evidence to support his claim that the deteriorating gym floor caused injury not only to him but to at least two or three inmates before him. *See* Plaintiff's Opposition at Exhibit "C." He also presents medical reports indicting that his ankle was sprained and that his ankle continued to cause him problems and pain for more than nine months, even though x-rays showed no fractures. *See id.* at Exhibit "E." Although Defendant does not dispute the condition of the gym floor or that Plaintiff and others were injured on the floor, Defendant states that he did not believe that the condition posed a threat to the safety of inmates or staff. *See* Affidavit of Joseph T. Smith, sworn to March 17, 2005 ("Smith Aff."), at ¶ 8. Defendant, however, also provides evidence that officials, including Defendant, knew that, over time, the vinyl overlay on the floor had developed bubbles in it, repairs had been unsuccessful, and eventually in 1995 concluded that the floor needed to be replaced and began applying for funding. *See* Affidavit of John Ewanciw, sworn to March 17, 2005 ("Ewanciw Aff."), at ¶¶ 5-6.

Based upon this evidence, the Court concludes that there is an issue of fact as to whether a "substantial risk of serious harm" existed with respect to the deteriorating gym floor and Plaintiff's use of it. A reasonable fact-finder could conclude that the deteriorating gym floor and bubbling overlay posed a substantial risk of serious harm to inmates. Accordingly, the Court affirms Magistrate Judge Peebles' conclusion that Plaintiff has satisfied the objective prong of his Eighth

Amendment claim.

### *2. Subjective Requirement*

Defendant candidly admits that he knew of the deteriorating condition of the gym floor. *See* Smith Aff. at ¶ 4. However, he states that he did not think that it posed any threat to inmate or staff safety and therefore did not limit the use of the gym floor prior to Plaintiff's accident. *See id.* at ¶ 8. Furthermore, he thought that the best course of action was to wait for a determination regarding funding for the replacement of the gym floor. *See id.* at ¶ 5.

Plaintiff submits evidence of inmates injured due to the floor's condition prior to his own accident. *See* Plaintiff's Opposition at Exhibit "C." These inmates filed grievances, and Defendant signed the grievance determinations. This evidence creates the inference that Defendant was aware that inmates had suffered injury due to the deteriorating gym floor. *See id.* at Exhibits "A"-"B." Furthermore, Plaintiff's submissions indicate that Defendant did not place any limitation on the floor until *after* Plaintiff's accident. *See id.*; Smith Aff. at ¶ 8.

Construing this evidence in the light most favorable to Plaintiff, the Court concludes that an issue of fact exists as to whether Defendant was deliberately indifferent to Plaintiff's safety. In other words, a reasonable fact-finder could conclude that Defendant was aware of facts from which he could draw the inference that a substantial risk of serious injury existed and that Defendant drew that inference.[3] Therefore, the Court affirms Magistrate Judge Peebles' conclusion that Plaintiff has

---

[3] Plaintiff's allegations involve more than a mere lack of due care for a prisoner's safety considering that he alleges, and provides evidence which supports his allegations, that Defendant knew of the deterioration and knew of two or three inmates who had been injured, during the same month but prior to Plaintiff due to the floor's conditions. Thus, his allegations may support

(continued...)

8

satisfied the subjective element of his Eighth Amendment Claim.

Accordingly, since Plaintiff has created an issue of fact regarding both the objective and subjective elements of his Eighth Amendment claim, the Court denies Defendant's motion for summary judgment.

### D.     Qualified Immunity

> Under 42 U.S.C. § 1983, a public official is entitled to qualified immunity if [his] acts did not violate clearly established rights of which a reasonable officer would have known, or if [he] reasonably believed that [his] conduct did not violate those rights. . . . The test is whether, in light of the clearly established federal right, it was objectively reasonable for the official to believe that his . . . actions were constitutional. . . .

*Desulma v. City of N.Y.*, No. 98 Civ. 2078, 2006 WL 798002, *8 (S.D.N.Y. July 6, 2001) (internal citations omitted).

If reasonable officials could disagree as to whether the actions at issue violate the Constitution then the official is entitled to qualified immunity. *See id.* However, summary judgment will not be granted based upon qualified immunity "'[i]f any reasonable trier of fact could find that the defendants' actions were objectively unreasonable . . . .'" *Id.* (quotation omitted). "The Eighth Amendment right of inmates '[t]o be furnished with the basic human needs, one of which is "reasonable safety"' is both clearly established and well-settled." *Armstrong v. Breslin*, slip copy, No. 05 CV 2876, 2006 WL 436009, *5 (E.D.N.Y. Feb. 22, 2006) (quoting *Helling,* 509 U.S. at 33).

Since Plaintiff has stated a claim for a violation of a clearly established right, the right to

---

[3](...continued)
a claim for cruel and unusual punishment under the Eighth Amendment. *See Gill*, 824 F.2d at 195 (citations omitted).

reasonable safety under the Eighth Amendment, to be entitled to summary judgment based upon qualified immunity, Defendant's actions must have been objectively reasonable. Defendant argues that it was objectively reasonable for him "to believe that his plan to wait for a determination from the Office of Facilities Planning before taking further action to repair the gym floor was sufficient and did not pose a threat to the safety of inmates or staff." *See* Defendant's Objections to R&R at 3.

The record before this Court clearly indicates that Defendant knew about the condition of the floor, decided not to repair it until a determination was made regarding funding for a new gym floor, and did not restrict use of the deteriorating areas of the floor until after Plaintiff was injured, despite prior injuries to inmates due to the gym floor's condition. *See* Smith Aff. at ¶¶ 4-5, 8, 10; Plaintiff's Opposition at Exhibits "B" & "C." However, the issue is not whether Defendant's decision to wait for funding before repairing the floor was reasonable; the issue is whether it was unreasonable for Defendant to leave the deteriorating areas of the floor unrestricted despite his knowledge that inmates had been injured due to the floor's condition.[4] A jury could find such action, or lack thereof, objectively unreasonable. Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and denies Defendant's motion for summary judgment based upon qualified immunity, without prejudice to Defendant's right to renew this defense at trial.

### III. CONCLUSION

After carefully considering Magistrate Judge Peebles' December 7, 2005 Report and Recommendation, Defendant's objections thereto, the relevant parts of the record, and the

---

[4] The issue is "whether a substantial *risk* of serious harm was present, not whether serious harm actually occurred[;]" a plaintiff can establish a case for unsafe prison conditions without suffering serious physical injury. *Baumann*, 36 F. Supp. 2d at 514 (citation omitted).

10

applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' December 7, 2005 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the parties are to contact Magistrate Judge Peebles' chambers within **ten (10) days of the date of this Order** to schedule a final pre-trial conference.

**IT IS SO ORDERED**

Dated: June 29, 2006.
      Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Court Judge